**Richard VENABLE, et al.**

v.

**Anthony SOLOMON, in his capacity as Treasurer of the State of Rhode Island.**

No. 89–479–Appeal.

Supreme Court of Rhode Island.

Oct. 5, 1990.

Edward J. Grogan, Providence, for plaintiffs.

James E. O'Neil, Atty. Gen., Jeffrey Greer, Asst. Atty. Gen., Annie Goldberg, Sp. Asst. Atty. Gen., Herbert F. DeSimone, Jr., DeSimone & Leach, John Quattrocchi, Jr., Edward P. Manning, Jr., Victim Restitution, Dept. of Treasurer, Providence, for defendant.

## OPINION

PER CURIAM.

On September 26, 1990, counsel for the plaintiff and his mother appeared before this court to show cause why the denial of their request for compensation pursuant to the Criminal Injuries Compensation Act, G.L.1956 (1981 Reenactment) chapter 25 of title 12, should not be summarily dismissed.

The plaintiff was injured on October 30, 1983, as a result of a fight between rival groups of youths that took place in Providence at Roger Williams Park. As a result of the injuries he sustained, plaintiff was hospitalized for approximately three weeks. He also suffered a permanent loss of smell. He occasionally stutters and attributes this condition to the park melee. The individual who allegedly struck him subsequently pleaded nolo contendere to a charge of assault.

Although the son maintained that he was an innocent victim, the trial justice found as a matter of fact that the son was associated with one of the gangs and was aware of the bad feelings between the two groups. The trial justice also found that the son could have anticipated the conflict and retreated, but he "stayed put." The trial justice observed that the son's decision to stay at the fight and his use of a knife disqualified the son as being a victim within the meaning of the statute. We subscribe to the sentiments expressed by the trial justice.

We would point out that § 12–25–3(a) endows a Superior Court justice with the discretion to "render judgment for compensation." Subsection (d) specifically provides:

"In determining whether to render judgment for compensation and the amount thereof the court and the treasurer may consider any circumstances it determines to be relevant, *including the behavior of the victim which directly or indirectly contributed to his injury or death,* unless such injury or death resulted from the victim's lawful attempt to prevent the commission of a crime or to apprehend an offender." (Emphasis added.)

Since the plaintiffs have failed to show cause, the plaintiffs' appeal is denied and dismissed.

WEISBERGER and SHEA, JJ., did not participate.